**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY HOUSTON SHOMER, | : | Case No. 2:26-cv-00627 |
| Plaintiff, | : | District Judge James L. Graham |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| DOJ-CIVIL RIGHTS DIVISION, *et al.*, | : | |
| Defendants. | : | |

**DEFICIENCY ORDER;**
**ORDER DENYING MOTION FOR SPECIAL MASTER;**
**DIRECTION TO CLERK TO TERMINATE PLAINTIFF'S "ORDER"**

Zachary Houston Shomer recently submitted a Complaint and related documents to this Court.[1] The resulting case has been assigned to District Judge James L. Graham. Certain matters have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Court's Amended General Order 22-05.

Some preliminary issues must be resolved before the case proceeds further.

[1] The instant case may be related to a previous case, *Shomer v. Rheinscheld*, *et al.,* No. 2:24-cv-1283-ALM-KAJ, 2025 WL 2751203 (S.D. Ohio Sept. 26, 2025), *on appeal*, No. 25-3851 (6th Cir.), which Plaintiff cites by case number and discusses in his filings. (*See, e.g.*, Doc. No. 1-1 at PageID 15 [identifying the case as another lawsuit "dealing with the same facts involved in this action"]; Doc. No. 3 at PageID 48 [referring to an order "to the OAG's office 'to investigate veracity' of my witnesses"]; Doc. No. 3 at PageID 50 [referring to Correctional Officers Aaron and Powell]; Doc. No. 3 at PageID 48 [asserting that there was "non-compliance with previous District Courts order" (as in original)]; Doc. No. 4 at PageID 64 [citing the previous case number and alleging that "OAG 'Salvator Peter Messina' lied to the Courts" in that case]; Doc. No. 4 at PageID 67 [asserting that "The Prison called me a 'lier' then manipulated the Magistrate…" [as in original]; Doc. No. 3 at PageID 57 [presenting an "Affidavit/ Declaration of Barnes Dajohn" which states that "Zach did not put my name or number or forge any documents signed with my name…"].) The undersigned notes that DaJohn Barnes recently filed his own case, *Barnes v. Whitley, et al*., No. 1:26-cv-511-SJD-CHG (S.D. Ohio). It is unclear whether that case is related to this one or to Shomer's previous case. *See* S.D. Ohio Civ. R. 3.1(b).

## Deficiency Order

Plaintiff Shomer submitted an application to proceed *in forma pauperis* (IFP) in this case. (Doc. No. 1.) He has not submitted the appropriate application form used by prisoners, however, which asks for additional information required under the Prisoner Litigation Reform Act (PLRA). The Court will provide this form to him.

Plaintiff has provided a summary of his account certified by institutional staff. (Doc. No. 1 at PageID 6.) He need not file another. But he must provide a transcript of his prison trust fund account statement from his institution showing at least the past six months' transactions.

Plaintiff is **ORDERED** to complete and submit the appropriate IFP application form and trust fund account statement by **September 16, 2026**. If he fails to do so, the undersigned may recommend that the Court deny his current application and require him to pay the filing fees in full to proceed.

## Motion for a Special Master

Plaintiff has moved for the appointment of a special master in this case. (Doc. No. 3.) He asserts that the issues in this case are complicated and suggests that unknown individuals did not comply with previous orders of this Court. (*Id*. at PageID 48.) The Court **DENIES** this Motion as premature. (Doc. No. 3.) Once Plaintiff's IFP Application(s) are resolved, the Court will screen the operative complaint under 28 U.S.C. §§ 1915 and 1915A to determine whether the case or any part of it may proceed or must be dismissed. However, at this time, it is unknown what claims (if any) will proceed

and how complicated they will be.[2] The motion is therefore premature and is accordingly **DENIED**. (Doc. No. 3.)

**Plaintiff's "Order to Show Cause"**

On July 30, 2026, Plaintiff filed a document titled "Order to Show Cause For an Preliminary Injunction & a Temporary Restraining Order." (Doc. No. 5 [as in original].) The document "orders" Defendants to show cause why the Court should not grant Plaintiff injunctive relief. (*Id.*) The "Order" also attaches, among other things, a separate Motion requesting that the Court issue a subpoena duces tecum to "Defendants (ODRC)" (*id.* at PageID 93), as well as several affidavits/declarations reportedly signed by various individuals (*id.* at PageID 113-142).

Plaintiff cannot issue orders in this case. The Court would liberally construe this document to be a motion seeking injunctive relief and discovery, but neither the "Order"

[2] The body of the Amended Complaint (Doc. No. 4) is a single rambling narrative paragraph covering nine pages, which describes with generality certain wrongs allegedly done to Plaintiff since he entered the Ohio Department of Rehabilitation and Correction in 2018. (Doc. No. 4.) Some allegations appear beyond the two-year statute of limitations for civil rights claims under 42 U.S.C. § 1983. (*See, e.g.*, Doc. No. 4 at PageID 61 [alleging that "a Level 3 inmate walked by all staff and security measures, assaulted me, while I slept in bed on 8-19-23."].) Some allegations appear to be unrelated and raised against unrelated defendants. (*Id*. at PageID 63-64 [alleging that "John Doe-Bits Chief" destroyed footage; "John Doe-DOJ PREA Audit Inspector" failed to audit prisons; that Plaintiff has been denied Kosher meals; that Sergeant Shrader admitted she kept some of Plaintiff's personal property; that two female correctional officers assaulted Plaintiff and showed him sexual materials].) Some allegations refer to Plaintiff Shomer's previous case. *See* footnote 1. (Doc. No. 4 at PageID 64, 67.) One overarching theme in the Amended Complaint appears to be that Plaintiff worked for the "DEA" and that various ODRC staff members have blackmailed him to keep that information private. (*See* Doc. No. 4 at PageID 59.) Plaintiff includes a list of twenty-five Defendants, including Correctional Officers Aaron and Powell, and Attorney Salvatore Peter Messina of the Ohio Attorney General's Office. (Doc. No. 4 at PageID 69-70.) *See* footnote 1. A Second Amended Complaint may be required. *See* Fed. R. Civ. P. 8 [requiring a short and plain statement of claims]; Rule 18 [discussing which claims may be brought against a defendant]; and Rule 20(a)(2) [unrelated claims against unrelated defendants cannot be raised in a single lawsuit].

nor the Motion for a Subpoena is signed.[3] (*See* Doc. No. 5 at PageID 92, 93.) Plaintiff may file motions seeking relief, but he is required to sign each motion pursuant to Fed. R. Civ. P. 11(a).

The Court **DIRECTS** the Clerk of Court to **TERMINATE** the "Order to Show Cause" (Doc. No. 5) and to note on its docket entry that it was terminated on this date pursuant to this Order.

**Conclusion**

The Court **ORDERS** Plaintiff to complete and submit the appropriate IFP Application form, along with his six-month trust fund account statement, by **September 16, 2026**. The Court **DENIES** Plaintiff's Motion for a Special Master as premature. (Doc. No. 3.)

The Clerk of Court is **DIRECTED** to send Plaintiff a blank copy of the IFP Application Form used by prisoners (the "APPLICATION AND AFFIDAVIT BY INCARCERATED PERSON TO PROCEED WITHOUT PREPAYMENT OF FEES") along with this Order.

The Clerk is further **DIRECTED** to **TERMINATE** the "Order to Show Cause" filed by Plaintiff and to mark the docket as discussed above.

[3] A motion seeking discovery materials is also premature, as the complaint has not yet been screened, service of process has not been accomplished, and Defendants have not appeared.

Finally, Plaintiff is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge